## ELI SCOTT v. THE STATE.

### No. 6798. Decided March 29, 1922.

**Intoxicating Liquor—Possession—Indictment—Sale.**

Where, upon trial of possessing intoxicating liquor, the indictment failed to allege that the possession was for the purpose of sale, the judgment must be reversed and the cause dismissed.

Appeal from the District Court of Nacagdoches. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*S. M. Adams,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County of possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The date of the alleged offense was May, 1921, which was anterior to the Second Called Session of the Thirty-seventh Legislature. By an amendment then made to what is known as the Dean Law, said Legislature so changed the offense of possessing liquor as to make penal the possession thereof only when had for purposes of sale, and in our opinion as announced in many decisions heretofore, this allegation must appear in the indictment. The indictment before us being devoid of such allegation, it is fundamentally erroneous, and for that reason the judgment must be reversed and the prosecution ordered dismissed.

*Reversed & dismissed.*